**CASE NO. 25-3509**

---

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

JEFFREY WONSER, *Plaintiff-Appellant*,

V.

CHARLES L. NORMAN, ANDY WILSON; THOMAS J. STICKRATH

*Defendants-Appellees*.

On appeal from the United States District Court
For the Southern District of Ohio
District Court Case No. 2:24-cv-2160

---

**BRIEF OF DEFENDANTS-APPELLEES
CHARLES NORMAN, THOMAS STICKRATH, AND ANDY WILSON**

---

**Counsel for Appellees:**

/s/ Ryan C. Spitzer
Donald C. Brey (0021965)
Ryan C. Spitzer (0093515)
**ISAAC WILES BURKHOLDER & MILLER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
P: 614.221.2138
F. 614.365.9516
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
*Counsel for Defendants-Appellees Charles
Norman, Thomas Stickrath, and Andy Wilson*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to Sixth Cir. R. 26.1, Appellees make the following disclosure:

1.   Are said parties a subsidiary of a publicly owned corporation? **No.**

2.   Is there a publicly owned corporation, not a party, to the appeal that has a financial interest in the outcome? **No.**

Date: December 15, 2025          */s/ Ryan C. Spitzer*
Donald C. Brey (0021965)
Ryan C. Spitzer (0093515)
**ISAAC WILES BURKHOLDER & MILLER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
P: 614.221.2138
F. 614.365.9516
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
*Counsel for Defendants-Appellees Charles*
*Norman, Thomas Stickrath, and Andy Wilson*

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST .......................................................................................... i

TABLE OF CONTENTS............................................................................ ii

TABLE OF AUTHORITIES ..................................................................... iii

I.     STATEMENT OF ISSUES ............................................................1

II.    STATEMENT OF THE CASE ......................................................1

III.   SUMMARY OF THE ARGUMENT ..............................................5

IV.    ARGUMENT...................................................................................6

    A.    The allegations in the complaint are barred by the statute of limitations. ...............................................................................6

    B.    The continuing violation doctrine does not apply. ................10

    C.    Wonser's notice arguments fail..............................................14

V.     CONCLUSION..............................................................................16

CERTIFICATE OF COMPLIANCE......................................................18

CERTIFICATE OF SERVICE ...............................................................19

ADDENDUM ...........................................................................................20

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Alexander v. Carter*, 733 Fed. App'x. 256, 264 (6th Cir. 2018)..............................15

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)...................................................... 15, 16

*Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980) ...............................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)............................. 15, 16

*Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030
    (6th Cir. 2025) ........................................................................................6, 11

*Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) ....................................7

*Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)...............................................7

*Colonial Refrigerated Transportation, Inc. v. Worsham*, 705 F.2d. 821,
    825 (6th Cir. 1983) ........................................................................................15

*Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) ...........................................7

*Edwards v. Rougeau*, 736 Fed. App'x. 135, 137 (6th Cir. 2018)...................... 14, 16

*Fla. Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir.
    2015)..............................................................................................................14

*Gabelli v. SEC*, 568 U.S. 442, 448-449 (2013) ........................................................7

*Gavitt v. Born*, 835 F.3d 623, 639-640 (6th Cir. 2016) ..........................................14

*Goldsmith v. Sharrett*, 614 Fed. App'x. 824, 828-829 (6th Cir. 2015)....... 11, 12, 13

*Guba v. Huron County*, 600 Fed. Appx. 374, 380 (6th Cir. 2015)…………………10

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1983).........................................14

*Heid v. Warden*, 2024 U.S. App. LEXIS 6922, *1-5 (6th Cir. Mar. 21,
    2024) ...............................................................................................................7

*Herrera v. City of Espanola*, 32 F.4th 980, 998 (10th Cir. 2022) .........................11

*Howell v. Cox*, 758 Fed. App'x. 480, 485 (6th Cir. 2018) ............................... 11, 13

*Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999) ...........................9

*Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) ...........................................15

*Kuhnle Bros. v. County of Geauga*, 103 F.3d 516 (6th Cir. 2009).........................12

*Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979) ................................................................................................15

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) ................................9

*Pittman v. Spectrum Health Sys.*, 612 Fed. App'x. 810, 813-814............................11

*Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, (1944)............................................................................................................7

*Rasawehr v. Grey*, 2025 U.S. App. LEXIS 14430, *7-8 (6th Cir. June 10, 2025) ................................................................................................7, 8

*Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019)................................6

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508-14 (2002) ................................9

*Tolbert v. Ohio Dep't of Transp.,* 172 F.3d 934, 940 (6th Cir. 1999) ....................11

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008................14

*Wilson v. Garcia*, 471 U.S. 261, 271 (1985) ................................................7

*Wood v. Carpenter*, 101 U.S. 135 (1879) ................................................7

*Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)................................................................................................15

*Zucco v. Caltrider*, Case No. 2:01-cv-01270 (S.D. Ohio filed Dec. 20, 2001) ................................................................................................1

## STATUTES

42 U.S.C. § 1983 .................................................................... 4, 5, 7

## RULES

Fed. R. Civ. P. 12(c)................................................................................14

I. **STATEMENT OF ISSUES**

1. Whether the District Court erred in granting Appellees' Motion for Judgment on the Pleadings for determining that the § 1983 claims alleged in Wonser's Complaint were barred by the two-year statute of limitations because the Complaint was filed two years, one month, and nine days after Wonser's personalized license plate appeal was denied by the Ohio Bureau of Motor Vehicles.

II. **STATEMENT OF THE CASE**

   A. **Ohio's personalized license plates, the *Zucco* settlement, and the screening guidelines emitted therefrom.**

The Ohio Bureau of Motor Vehicles ("BMV"), part of the Ohio Department of Public Safety ("DPS"), permits Ohio drivers to apply for personalized license plates. (Record Entry ("RE") 38, June 11, 2025, Opinion and Order ("Opinion and Order"), PageID 2489).

The BMV reviews an applicant's proposed personalized license plates pursuant to a previously agreed-upon set of guidelines from a prior federal court case. *Id*.; *see generally Zucco v. Caltrider*, Case No. 2:01-cv-01270 (S.D. Ohio filed Dec. 20, 2001).

The *Zucco* plaintiff alleged that approval and subsequent revocation of the custom plate "RDRAGE" violated his First Amendment rights. (RE 1, Complaint, PageID 5-6). The case settled, which resulted in a series of protocols governing how custom plate applications would be screened (the "Guidelines"). *Id.*

The Guidelines dictate, in part, that personalized license plate applications shall be rejected as inappropriate if:

- they contain words, combinations, and/or phrases (in any language or when read either frontward or backward) that "are profane, obscene, sexually explicit, scatological," or,

- are "so offensive that they could reasonably be expected to provoke a violent response from viewers without additional comment," or,

- advocate lawlessness, or advocate lawless activities. *Id.*

As applied, the Guidelines also "bar acronyms and abbreviations of inappropriate content. *Id.* at PageID 7-9.

**B.    Wonser's personalized license plate application.**

On March 9, 2022, Wonser applied for a license plate stating "F46 LGB." (RE 38, Opinion and Order, PageID 2490; RE 1, Complaint, PageID 11; RE 4, Answer, PageID 31, R.E. 4-1, PageID 39, 41). The BMV denied the application because it did not conform to Guideline 1, which barred profanity and obscene language. (RE 1, Complaint, PageID 12). Wonser subsequently appealed the BMV's decision, which the agency also rejected. *Id.* at PageID 45.

The timeline of Wonser's BMV license application process for the "F46 LGB" plate is below:

- **March 9, 2022** - Wonser applies for a license plate stating "F46 LGB."

- **March 11, 2022** – Wonser is notified via email that his application for "F46 LGB" is denied (Wonser also received written correspondence on March 15, 2022, outlining the denial).

- **March 12, 2022** – Wonser appealed the initial denial via email.

- **March 20, 2022** – Wonser is issued a refund of the "F46 LGB" license plate application fee.

- **March 24, 2022** – The appeal is denied.

- **July 14, 2022** – Wonser's counsel sends a letter via email demanding that the "Bureau reverse its position, approve his application [F46 LGB]" and agree to other restrictions moving forward. (RE 12-39, Exhibits to Plaintiff's Motion for a Preliminary Injunction, PageID 436).

- **July 19, 2022** – BMV's counsel responds to the July 14, 2022, letter from Wonser's counsel, declines to issue the "F46 LGB" license plate to Wonser. (RE 12-41, Exhibits to Plaintiff's Motion for a Preliminary Injunction, PageID 447).

- **April 23, 2024** – Wonser purportedly attempts to reapply for the "F46 LGB" license plate online, as noted in email communication the following day. (RE 12-47, Exhibits to Plaintiff's Motion for a Preliminary Injunction, PageID 2172).

- **April 24, 2024** – Wonser's counsel emails the BMV's counsel, stating:

  > My client continues to be interested in obtaining the license plate we previously discussed [F46 LGB]. He attempted to do so yesterday, but the website wouldn't allow it.

  *Id.*

3

- **May 3, 2024** - Wonser files Complaint.

## C. The District Court grants Appellees' Motion for Judgment on the Pleadings due to the allegations in the Complaint being barred by the statute of limitations.

Wonser filed his Complaint on May 3, 2024 – two years, one month, and 9 days after his appeal was denied by the BMV on March 24, 2022. (R.E. 1, Complaint, PageID 1).

The Complaint alleged two violations of Appellant's First Amendment rights, in violation of 42 U.S.C. § 1983, along with a third count which alleged a state law criminal tort against Appellees. *Id.* at PageID 17.

On October 2, 2024, Appellees filed a Motion for Judgment on the Pleadings. (RE 9, Motion, PageID 57). The Motion generally asserted that Wonser's First Amendment rights had not been violated, that the Guidelines were constitutional, and that Appellant's claims were barred by the statute of limitations. *Id*.

On June 11, 2025, the District Court granted Appellees' Motion. (RE 38, Opinion and Order).[1] In doing so, the District Court held, in pertinent part, that the:

- initial license plate application was rejected more than two years before the Complaint was filed (*Id.* at PageID 2492);

---

[1] The District Court also dismissed Wonsert's state law claim and denied his request for a preliminary injunction, in addition to granting the Motion. *Id*. at PageID 2495-2496.

4

- denial of subsequent repetitive license plate applications did not constitute a continuing violation sufficient to toll the two-year statute of limitations (*Id.* at PageID 2492-2494); and,

- Complaint failed to allege an overbreadth violation relative to his right to receive information from other drivers. (*Id.* at PageID 2493, ftn. 5).

Appellant filed his Notice of Appeal on July 10, 2025, and Merit Brief on November 10, 2025, respectively. (RE 40, Notice of Appeal, PageID 2498; Appellant's Merit Brief, pg. 1).

## III.   <u>SUMMARY OF ARGUMENT</u>

Wonser does not dispute that his Complaint was filed two years, one month, and 9 days after the BMV denied his appeal. Wonser further agrees that 42 U.S.C. § 1983 claims, like the First Amendment claims brought in his Complaint, are subject to a two-year statute of limitations. (Appellant's Merit Brief, pg. 11).

These admissions begin and end this Court's review and lead inexorably to affirmance of the District Court's Opinion and Order.

Even if these admissions were not sufficient, which they are, the variations argued under continuing violation theory do not apply to Wonser. The result of these arguments is therefore the same as the Complaint being filed outside the statute of limitations.

The Court should affirm the District Court's Opinion and Order granting Appellees' Motion for Judgment on the Pleadings because the District Court

correctly found that the claims alleged in Complaint were barred by the two-year statute of limitations.

## IV.  <u>ARGUMENT</u>

Appellees have interpreted the District Court's Opinion and Order and Wonser's Merit Brief to solely address whether the statute of limitations barred the acts outlined in Wonser's Complaint.[2] Appellees' argument is limited to the procedural question surrounding the statute of limitations as a result.

This notwithstanding, Appellees assert that the Guidelines are constitutional, in addition to the statute of limitations barring the allegations outlined in the Complaint.

### A. The allegations in the Complaint are barred by the statute of limitations.

Statutes of limitations are not simply technicalities. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980). The United States Supreme Court has previously stated that:

> Statutes of limitations are intended to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and

---

[2] To the extent Appellees need to address the merits of Wonser's underlying claims, Wonser did not do so within his merit brief and therefore failed to preserve consideration of those issues on appeal. *See Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025) citing *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) (further citations omitted).

witnesses have disappeared." *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349, 64 S. Ct. 582, 88 L. Ed. 788 (1944). They provide "security and stability to human affairs." *Wood v. Carpenter*, 101 U.S. 135, 139, 25 L. Ed. 807 (1879). We have deemed them "vital to the welfare of society," ibid., and concluded that "even wrongdoers are entitled to assume that their sins may be forgotten," *Wilson v. Garcia*, 471 U.S. 261, 271, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985).

*Gabelli v. SEC*, 568 U.S. 442, 448-449 (2013).

The statute of limitations for Ohio civil rights claims under 42 U.S.C. § 1983 is two years. *See Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996), citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). The statute of limitations period begins when the plaintiff knows or has reason to know that the act providing the basis of his injury has occurred. *Id.* (further citations omitted); (RE 38, June Opinion and Order, PageID 492). This means the statute of limitations clock begins when an event that "should have alerted the typical lay person to protect his or her rights" occurs. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

Two recent 42 U.S.C. § 1983 First Amendment cases reinforce the calculation of the two-year statute of limitations. *Rasawehr v. Grey*, 2025 U.S. App. LEXIS 14430, *7-8 (6th Cir. June 10, 2025); *see also Heid v. Warden*, 2024 U.S. App. LEXIS 6922, *1-5 (6th Cir. Mar. 21, 2024) (finding that plaintiff's alleged First Amendment free exercise rights regarding prison books were time-barred because the complaint was filed approximately 2.5 years after the prison's final administrative decision was made.).

7

*Rasawehr* is particularly applicable. There, the plaintiff was a government critic who was criminally charged with obstructing official business following a pattern of contacting the local sheriff's office and various other agencies, which included the plaintiff receiving a July 2016 cease-and-desist letter from the County. *Id*. at *1-3.

Rasawehr filed a 1983 action against the County, the Sheriff, and employees of the Sheriff's Office, alleging, in part, a violation of his First Amendment rights. *Id.* at *4-5. This Court affirmed the decision of the District Court, finding that the two-year statute of limitations began upon the plaintiff's receipt of a July 2016 cease-and-desist letter, not when the plaintiff was criminally charged, and that the plaintiff's complaint was barred because it was filed in September 2019, but complained of acts that occurred in July 2016. *Id.* at *6-7.

Wonser attempts to avoid the clear two-year statute of limitations by asserting that the Complaint contains "two discrete violations," one from the BMV's March 2022 denial of the "F46 LGB" license plate application, and the other from April 2024, when the BMV "rejected a separate attempt to register a "chosen message."" *See* Appellant's Merit Brief, pg. 8. But Wonser's argument ignores that he *reapplied for the same "F46 LGB" license plate in April 2024*.[3] (RE 38, Opinion and Order,

---

[3] Furthermore, Wonser's argument that he "applied for one or more different messages that were also rejected and instead draw the inference that the only

PageID 2489; RE12-39, 12-47, Wonser's Exhibit 39 and 41 to his Motion for a Preliminary Injunction, PageID 434-437, 447) (emphasis added).

*Petrella v. MGM* does not apply here, either. *See* Appellant's Merit Brief, pgs. 11-12, citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014). *Petrella* involved the Copyright Act (the "Act") and an analysis of the statute of limitations for infringement relative *to the Act* and the statute of limitations as outlined *in the Act*. *Id.* at 667 (emphasis added).

If Wonser's argument were accepted, plaintiffs would be permitted to make the same request every 729 days (one day short of two years). This equates to an infinite time in which to bring their claim, despite Wonser's license plate application being the same. This result is nonsensical, and, as the District Court noted, defeats the purpose of the statute of limitations. (RE 38, Opinion and Order, PageID 2495). Wonser's argument does not merely erode the principles giving rise to statutes of limitations – it obliterates them.

---

application Mr. Wonser made was the one that would bar him from relief" ignores that the District Court came to its conclusion based on the documents (and letters) that Wonser himself submitted. (Appellant's Merit Brief, pg. 13-14). To the extent the District Court relied on items attached or otherwise provided within the pleadings, those items were either provided by Wonser or constitute a public record under Ohio law and, therefore, subject to judicial notice. *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), overruled in part on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508-14 (2002).

The claims in Wonser's Complaint are based upon his license plate application "F46 LGB" and the Guidelines utilized by the BMV in rejecting the same. (RE 1, Complaint, PageID 14-16). Wonser does not dispute that the BMV denied his application for the "F46 LGB" license plate on March 24, 2022. (Appellant's Merit Brief, pg. 6). Therefore, Wonser knew or had reason to know that the act underlying the basis of his injury had occurred not later than March 24, 2022.

Despite this, Wonser filed his Complaint two years, one month, and 9 days after the BMV denied Wonser's appeal. The District Court's decision granting Appellees' Motion for Judgment on the Pleadings should therefore be affirmed.

**B. The continuing violation doctrine does not apply.**

Wonser argues that the denial of his license plate application constitutes an ongoing violation of his First Amendment rights. This argument ignores that there is no new conduct by Appellees that constitutes "continuing wrongful conduct."

The continuing violation doctrine has been outlined as:

[A] 'continuous violation' exists if: (1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided. The doctrine does not apply to a series of discrete acts, each of which is independently actionable, but rather, to a cumulative violation caused by a "continuing course of misconduct.

*Guba v. Huron County*, 600 Fed. Appx. 374, 380 (6th Cir. 2015) (internal quotations, quotation marks, and citations omitted).

Continual ill effects from an original violation do not constitute a continuing violation under this doctrine. *See Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1035 (6th Cir. 2025), citing *Tolbert v. Ohio Dep't of Transp.,* 172 F.3d 934, 940 (6th Cir. 1999) (quotation marks omitted).

The continuing-violation doctrine also rarely applies to § 1983 claims. *See Howell v. Cox*, 758 Fed. Appx. 480, 485 (6th Cir. 2018) (further citations omitted). Similarly, repeated requests for relief from the previous act do not trigger the doctrine. (RE No. 38, Opinion and Order, PageID 2493, citing *Pittman v. Spectrum Health Sys*., 612 Fed. App'x. 810, 813 (6th Cir. 2015); *see also Herrera v. City of Espanola*, 32 F.4th 980, 998 (10th Cir. 2022)). Both principles strongly support affirmance of the District Court's Opinion and Order.

*Howell* illustrates why the doctrine rarely applies to § 1983 claims. *Id*.; *see also Goldsmith v. Sharrett*, 614 Fed. App'x. 824, 828-829 (6th Cir. 2015). There, the plaintiff got into an argument at a bar and was criminally charged for his role in that argument. *Id.* at 482. He was later acquitted of the criminal charge. *Id.* Nearly a year after his acquittal, he sued the political subdivision for violations of his First and Fourteenth Amendment rights. *Id.*

This Court held that the plaintiff knew of his injury at the time it occurred and rejected the plaintiff's continuing violations argument. *Id.* at 484 ("Howell knew of

his injury well over a year before he sued. He knew of it the night of his arrest in 2012.").

Similarly, a prisoner alleging that guards taking away his writings does not create a continuing violation. *See Goldsmith,* 614 Fed. App'x, at 828. This Court held that "[c]ontinuing violations in the Section 1983 context are akin to hostile-work environment claims where the harm 'cannot be said to occur on any particular day' and individual incidents are not actionable on their own." *Id.* at 828-29.

Application of *Kuhnle Bros.* does not alter the outcome of this case, as the same reasoning used in *Howell* and *Goldsmith* applies. *See Kuhnle Bros. v. County of Geauga*, 103 F.3d 516 (6th Cir. 2009). *Kuhnle* constitutes an exception to the general proposition that the continuing violation doctrine rarely applies to 1983 claims. The *Kuhnle* plaintiffs were harmed by a law that remained enforced and effective well into the statute of limitations period. *Id.* ("Kuhnle suffered a new deprivation of its constitutional rights every day that Resolution 91-87 remained in effect, rather than merely suffering additional harm from a prior unconstitutional act."). There is no statute or resolution imposing continuous harm on Plaintiff here. The Guidelines were applied to Plaintiff's application only twice: when his application was denied on March 11, 2022, and when his appeal was denied on March 24, 2022.

Appellees did not take any action that would constitute a violation, regardless of when it occurred. Regardless, the crux of this case is the application and subsequent denial of the license plate "F46 LBG." Wonser thus knew of his injury (e.g., the denial of the plate application) no later than March 24, 2022. Wonser could have brought claims the day his application (or subsequent appeal) for a license plate stating "F46 LGB" was denied. He failed to do so. As in *Howell* and *Goldsmith*, Wonser's application and its subsequent denial were discrete, particular events that triggered the initiation of the statute of limitations.

      i.    *Wonser does not have representational standing because the continuing violations doctrine does not apply.*

Wonser further argues that he is entitled to representational standing under the same doctrine. *See* Appellant's Merit Brief, pgs. 13-15 ("Under those facts, disputes over when Mr. Wonser most recently applied for a plate or what it said became immaterial, because Mr. Wonser is no longer simply challenging a discrete personal injury…".).

Wonser's entire argument relative to *Havens Realty,* a race-based constitutional claim stemming from the Fair Housing Act of 1968, is based upon the incorrect premise that the continuing violations doctrine applies to his claims. *Id.* citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1983). It does not, as Wonser's claims were based upon discreet individual acts.

Further, these circumstances are poorly suited to a pseudo-class-action claim of the sort Wonser purports to pursue. Different parts of the Guidelines are applied to each vanity plate application, and different issues arise for each requested plate.

As a result, Wonser does not have an injury in fact, since he has no valid constitutional claim. For the reasons outlined throughout, his personal application can no longer be litigated as it falls outside the applicable statute of limitations.

### C. Wonser's notice arguments fail.

Under Rule 12(c) a party may move the court for judgment on the pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). "The district court's decision regarding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed using the same de novo standard of review employed for a motion to dismiss under Rule 12(b)(6)." *Edwards v. Rougeau*, 736 Fed. App'x. 135, 137 (6th Cir. 2018) citing *Fla. Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015) quoting *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Gavitt v. Born*, 835 F.3d 623, 639-640 (6th Cir. 2016), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a plaintiff is obligated to:

> [P]rovide the "grounds" for the claimed entitlement to relief "requires
> more than labels and conclusions, and a formulaic recitation of the

14

elements of a cause of action will not do." *Id.* The factual allegations must "raise a right to relief above the speculative level." *Id.* The complaint must state a claim that is plausible on its face, i.e., the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

…

Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

*Id.* at 639-640.

Additionally, to the extent Wonser advocates for the "theory of the pleadings" doctrine, that doctrine was rendered obsolete by the Federal Rules of Civil Procedure, which instead focus on the sufficiency of a plaintiff's factual pleading. *See Alexander v. Carter*, 733 Fed. App'x. 256, 264 (6th Cir. 2018), citing *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014); *see also Colonial Refrigerated Transportation, Inc. v. Worsham*, 705 F.2d. 821, 825 (6th Cir. 1983) quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)).

The District Court's Opinion and Order correctly notes that Wonser's Complaint fails to allege the injury referenced and that Wonser raised his overbreadth and/or right to receive information claim *in response to a BMV motion*. (RE 38, Opinion and Order, PageID 2493, ftn. 5).

The references in Appellant's Merit Brief to the Complaint do not support Wonser's argument.[4] Other than Wonser's specific license plate applications for "F46 LGB", the Complaint generally references little more than the "naked assertions devoid of further factual enhancement" regarding other license plate applications, some of which were even permitted and/or no record of issuing or denying them exist. *See Edwards,* 736 Fed. App'x., at 137, citing *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557). The District Court's Opinion and Order should be affirmed as a result.

## V.  **CONCLUSION**

For the foregoing reasons, this Court should affirm the decision of the District Court, which granted Appellees' Motion for Judgment on the Pleadings.

Respectfully submitted,

*/s/ Ryan C. Spitzer*
Donald C. Brey (0021965)
Ryan C. Spitzer (0093515)
**ISAAC WILES BURKHOLDER & MILLER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
P: 614.221.2138

---

[4] Wonser attempted to file an Amended and Supplemental Complaint. (RE 21, Plaintiff's Motion for Leave Instanter to File an Amended and Supplemental Complaint, PageID 2400). The District Court denied Wonser's Motion, finding that "Plaintiff does not meaningfully acknowledge the untimeliness of his current motion," and determining that it was beyond the Preliminary Pretrial Order adopted previously by the parties by more than three months. (RE 30, January 29, 2025, Opinion and Order, PageID 2464, 2467).

F. 614.365.9516
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
*Counsel for Defendants-Appellees Charles*
*Norman, Thomas Stickrath, and Andy Wilson*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Sixth Cir. R. 32(a), the undersigned counsel certifies that:

1.    This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word, in Times New Roman 14-point font.

2.    Counsel also certifies that the word count utility associated with Microsoft Word returned a report that **4,743 words** and **667 lines** appear herein.

/s/ *Ryan C. Spitzer*
Ryan C. Spitzer (0093515)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2025, a copy of the foregoing *Brief of Defendants-Appellees Charles Norman, Thomas Stickrath, and Andy Wilson* was filed in the U.S. Court of Appeals for the Sixth Circuit. Notice of this filing will be sent to all parties registered with the Court by operation of the Court's electronic filing system.

<u>/s/ *Ryan C. Spitzer*</u>
Ryan C. Spitzer (0093515)

**ADDENDUM**
**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Description of Entry | Date | Page I.D. Number Range | Record Entry No. |
|---|---|---|---|
| Complaint | 5/13/2024 | 1-18 | 1 |
| Answer | 7/03/2024 | 25-45 | 4 |
| Motion for Judgment on the Pleadings | 10/02/2024 | 57-71 | 9 |
| Exhibits to Plaintiff's Motion for a Preliminary Injunction | 10/06/2024 | 436 | 12-39 |
| Exhibit to Plaintiff's Motion for a Preliminary Injunction | 10/06/2024 | 447 | 12-41 |
| Exhibits to Plaintiff's Motion for a Preliminary Injunction, | 10/06/2024 | 2172 | 12-47 |
| Plaintiff's Motion for Leave Instanter to File an Amended and Supplemental Complaint | 11/08/2024 | 2400-2401 | 21 |
| Opinion and Order | 1/29/2025 | 2463-2473 | 30 |
| Opinion and Order | 6/11/2025 | 2489-2496 | 38 |
| Notice of Appeal | 7/10/2025 | 2498 | 40 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |